UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

NATHANIEL PROVOST
3180 Salem Lane
Green Bay, Wisconsin 54313

      Plaintiff,

v.

AMERICAN MARINA, INC.
830 East Green Bay Street
Shawano, Wisconsin 54166

      Defendant

Case No. 23-cv-963

**JURY TRIAL DEMANDED**

---

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), pursuant to Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), and under Wisconsin common law as a breach of contract, by Plaintiff, Nathaniel Provost, against Defendant, American Marina, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant is headquartered in Shawano, Wisconsin, and is a privately-owned entity that sells marine equipment retailer.

3. Defendant failed to compensate Plaintiff for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by misclassifying him as exempt when, in reality, he primarily performed non-exempt job duties each workweek and was entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

4. Defendant's failure to compensate Plaintiff for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

5. Defendant also failed to compensate Plaintiff for all hours worked and work performed each workweek at his agreed-upon pay, in violation of the WWPCL and under Wisconsin common law as a breach of contract.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

9. Plaintiff, Nathaniel Provost, is an adult male resident of the State of Wisconsin residing at 3180 Salem Lane, Green Bay, Wisconsin 54313,

10. Defendant, American Marina, Inc., is an entity doing business in the State of Wisconsin with a principal office address of 830 East Green Bay Street, Shawano, Wisconsin 54166.

11. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

16. For purposes of the WWPCL, Plaintiff was an "employee" of Defendant, as this term is used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work on Defendant's behalf, for Defendant's benefit, at

Defendant's direction, and/or with Defendant's knowledge in the position of Inside Sales at Defendant's Shawano, Wisconsin location.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule.

22. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's rates of pay and/or means of compensation.

23. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff with work assignments and hours of work.

24. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work were, at times, tracked and recorded by Defendant.

25. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

26. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment.

## GENERAL ALLEGATIONS

27. In approximately the year 2013, Defendant hired Plaintiff into the position of Inside Sales working at Defendant's Shawano, Wisconsin location.

28. During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in the position of Inside Sales either physically at Defendant's Shawano, Wisconsin location, or out of his home office.

29. During the entirety of Plaintiff's employment with Defendant, Plaintiff reported directly to Anthony Zielinski, Owner.

30. During the entirety of Plaintiff's employment with Defendant, Plaintiff's primary job duty each workweek in the position of Inside Sales was to make sales directly to Defendant's customers from a fixed location – either physically at Defendant's Shawano, Wisconsin location, or out of his home office.

31. During the entirety of Plaintiff's employment with Defendant, Defendant classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, during the entirety of Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

32. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff frequently worked in excess of forty (40) hours per workweek.

33. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant knew or had knowledge that Plaintiff frequently worked often worked in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff's primary job duty each workweek was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

35. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff performed his job duties and responsibilities at the direction of Defendant: he was given specific instructions as to how to perform his job duties and/or he performed his job duties within the prescribed procedures, processes, and/or limits established by Defendant.

36. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

37. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff did not, in the performance of his job duties, customarily or regularly compare or evaluate possible courses of conduct, and he did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

38. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff did not, in the performance of his job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

39. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

40. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff's job duties did not require him to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

41. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff was not a highly compensated employee for FLSA and WWPCL purposes.

42. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant agreed to compensate Plaintiff on approximately a bi-weekly basis with commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits."

43. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff earned agreed-upon commissions for sales made to Defendant's customers.

44. In approximately May 2023, Plaintiff's employment with Defendant ended.

45. During Plaintiff's employment with Defendant and to date, Defendant has failed to compensate Plaintiff with earned and agreed-upon commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits," in an amount that remains to be determined.

46. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant's policies in practice failed to compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

47. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant did not properly and lawfully compensate Plaintiff at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

48. During Plaintiff's employment with Defendant in the position of Inside Sales, Plaintiff's paychecks did not properly or lawfully compensate him at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

49. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant did not properly and lawfully compensate Plaintiff with earned and agreed-upon commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits," in violation of the WWPCL, plus liquidated damages, in an amount that remains to be determined.

50. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL.

51. During Plaintiff's employment with Defendant in the position of Inside Sales, Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

52. Defendant owes Plaintiff earned and unpaid overtime wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages

53. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

54. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the

production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq*.

56. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

57. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while Plaintiff was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

58. During Plaintiff's employment with Defendant, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

59. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

61. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

62. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime Wages

63. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

64. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

65. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

66. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

67. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

68. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

69. During Plaintiff's employment with Defendant, Plaintiff often worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

70. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

71. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

72. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Commissions (Failure To Pay An Agreed-Upon Wage)**

73. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

74. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

75. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

76. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

77. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

78. During Plaintiff's employment with Defendant, and in accordance with Wis. Stat. § 109.01(3), Plaintiff was entitled to all earned and agreed-upon commission payments from Defendant for hours worked and work performed, including sales made directly to Defendant's customers.

79. During Plaintiff's employment with Defendant, Defendant willfully failed to timely compensate Plaintiff with all agreed-upon wages or payments, as defined in Wis. Stat. § 109.01(3), including but not limited to earned and agreed-upon commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits," in violation of Wis. Stat. § 109.03(1).

80. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

81. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## FOURTH CLAIM FOR RELIEF
### Breach of Contract

82. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

83. During Plaintiff's employment with Defendant, Plaintiff was entitled to wages, commissions, and/or other agreed-upon payments from Defendant, including but not limited to earned and agreed-upon commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits."

84. During Plaintiff's employment with Defendant and subsequent to the end of Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with wages, commissions, and/or other agreed-upon payments, including but not limited to earned and agreed-upon commission payments for sales made to Defendant's customers at the rate of twenty-five percent (25%) of all of Defendant's "profits."

85. As a result of Defendant's failure to compensate Plaintiff in such a fashion as described herein, Plaintiff has suffered monetary loss and/or damage, including but not limited to attorneys' fees and costs.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid agreed-upon commission payments, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly compensated as provided under the FLSA and WWPCL;

2. Order Defendant to make Plaintiff whole by providing reimbursement for Defendant's breach of contract;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 19th day of July, 2023

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com